| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
|---|---|
| MOHAMMED KHATIB,<br><br>                        Petitioner,<br><br>    – against –<br><br>TIMOTHY LAFLIN,<br><br>                        Respondent. | **MEMORANDUM & ORDER**<br><br>14-CV-5163 (ERK) |

After a jury convicted petitioner Mohammed Khatib of four counts of second-degree conspiracy and one count of third-degree criminal sale of a firearm, he was sentenced to 12.5 to 25 years for each conspiracy count and 3.5 to 7 years for the criminal sale of a firearm count, all sentences to run concurrently. The judgment of conviction was affirmed, *People v. Khatib*, 81 A.D.3d 852 (N.Y. App. Div. 2d Dep't 2011), and leave to appeal denied, *People v. Khatib*, 16 N.Y.3d 896 (2011). Petitioner filed the instant petition for a writ of habeas corpus on August 29, 2014. Habeas Pet. at 7.

The petition is time-barred. Because petitioner did not file a petition for certiorari, he had to file his petition for a writ of habeas corpus within one year and 90 days from May 26, 2011, the date on which his application for leave to appeal to the Court of Appeals was denied. *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner allowed 1,191 days to elapse before filing his habeas petition on August 29, 2014. Habeas Pet. at 2. Moreover, while petitioner pursued state court post-conviction proceedings during this time, he did so for a period insufficient to successfully toll the one year and 90 day period. Indeed, petitioner allowed 330 days from the denial of his application for leave to appeal to the Court of Appeals before filing a 440.10 motion on April 20, 2012, from which the Appellate Division denied leave to appeal on October 12, 2012. *See* Aff.

Ass't Dist. Att'y Morgan J. Dennely, Nov. 19, 2014, ECF No. 5, 6-8. Petitioner then waited 133 days before moving for a writ of *coram nobis* on February 22, 2013, which was denied on June 26, 2013. *Id.* Following that denial, petitioner waited 5 days before filing a 440.20 motion on July 1, 2013, from which the Appellate Division denied leave to appeal on June 12, 2014. *Id.* Petitioner then waited 78 days before filing the instant petition. *Id.* In sum, petitioner allowed for 546 untolled days, rendering his habeas petition approximately 90 days too late, as petitioner concedes in his reply brief. *See* Reply Br. at 8.

Nevertheless, while not asserting actual innocence, petitioner argues for equitable tolling because he "has made numerous post-conviction motions" and because he "has had medical defects which in turn has made it very difficult for him to maintain focus due to his eyes [and] heart problems." *Id.* To warrant equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way." *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). "The mere existence of a physical ailment does not justify equitable tolling; a petitioner must demonstrate that these health problems rendered him unable to pursue his legal rights during the one year [and 90 day] time period." *Velez v. Walsh*, No. 07-cv-1037, 2010 WL 519816, at *2 (E.D.N.Y. Feb. 9, 2010); *see also Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 169 (S.D.N.Y. 2000) (collecting cases). Petitioner has not shown that his physical ailments prevented him from pursuing his legal rights. Indeed, petitioner filed three state court post-conviction motions between the date on which his conviction became final and the date on which he filed the instant petition. *See* Habeas Pet. at 2-6.

The petition for a writ of habeas corpus is dismissed. I decline to issue a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
February 27, 2015

_____
Edward R. Korman
Senior United States District Judge